JUDGE ROBERTSON
delivered the opinion op the court.
The appellee, Robert Smith, charged by three separate indictments with the offense of violating the act of 2d March, 1860 (2 Revised Statutes, p. 805), prohibiting a sale by sample and without license, in the city of Louisville, of goods of a non-resident having no place of business in that city, demurred to each of the indictments; and the city court, sustaining all the demurrers, dismissed *304 each of the indictments, on the presumed ground either that the said enactment is unconstitutional, or that it has been constructively repealed by the 10th section of a subsequent enactment (1 Session Acts of 1865, p. 270), empowering the city authorities to grant licenses for such trade. Neither of those grounds is, in our opinion, sufficient.
1. The title of the act of 1860 is reasonably indicative of the subject-matter as defined; and the power to require, as the act does, a foreign owner of goods to pay three hundred dollars into the state treasury for a license to sell his goods by sample in the city of Louisville we can see no good reason to question.
2. The power given to the city may have been intended for local revenue, and on that phase, whether ever exercised or not, it would not repeal the act of 1860 for state revenue. But however that might be, as it does not appear that the city has ever exercised its power, no conflict is shown; moreover, even so much of the act of 1860 as requires license has certainly-not been repealed, nor can the penalty for selling without any license have been repealed by the 10th section of the act of 1865.
But the indictment charging a sale to Garvin and the indictment charging a sale to Block & Co. do not charge the statutoiy delictum of a sale without license, and do not therefore sufficiently define the offense of selling without license. The judgments in those two cases are therefore affirmed.
But the indictment for a sale to Medaneek charges that there was no license; and therefore the judgment in that ease is reversed, and the cause remanded for further proceedings.